UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

HOWARD D. GLIDEWELL                                                        PETITIONER

v.                                               CIVIL ACTION NO. 1:10CV-41-R

CLINTON COUNTY, KENTUCKY                                RESPONDENT

## MEMORANDUM OPINION

*Pro se* petitioner Howard D. Glidewell filed this mandamus action asking the Court to order the United States Marshals Service "to seize all court records of Clinton County Criminal Court Clerks, Criminal Court Judges, and DA Records of Criminal Court of Clinton County, Kentucky" for the purpose of launching an investigation into their activities. Glidewell also asks the Court to direct the Internal Revenue Service to undertake an investigation of "all three parties" and to freeze their bank accounts. Glidewell states that he knows of "wrongdoing in all 3 offices and there are lot issue and things that need to be corrected in Clinton County Kentucky 3 Offices of Court Officials Officers at once."

"[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Because it is "no longer open to discussion" that Glidewell is not entitled to the relief he seeks in this action, it will be dismissed.

Pursuant to 28 U.S.C. § 1361, "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." A writ of mandamus is "a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *Cheney v. U.S. Dist. Court*,

542 U.S. 367, 380 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259-60 (1947)). It is available only if: "(1) the petitioner has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available." *Leisure v. FBI*, 2 F. App'x 488, 490 (6th Cir. 2001) (citing *Youghiogheny & Ohio Coal Co. v. Milliken*, 200 F.3d 942, 955 (6th Cir. 1999)).

Glidewell cannot satisfy the second prong of the test because neither the United States Marshals Service nor the Internal Revenue Service owes him a duty to undertake an investigation. *See Heckler v. Chaney*, 470 U.S. 821, 831 (1985) ("[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion."). Because the decision to initiate an investigation is a discretionary act, there is "no duty owed" to Glidewell that is enforceable. As such, by separate Order, the Court will dismiss this action.

Date:

cc: Petitioner, *pro se*
4413.008